**PORTSMOUTH BASEBALL CORPORA-
TION, a corporation of Virginia,
Plaintiff**

v.

**Ford C. FRICK, Commissioner of Base-
ball, et al., Defendants.**

United States District Court
S. D. New York.

Feb. 13, 1959.

See also 21 F.R.D. 318.

Garey & Garey, New York City, for plaintiff.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, for defendants.

DIMOCK, District Judge, orally.

My own determination is that Major-Minor League Rule 1(a) is not susceptible of the construction that it has application to the broadcasting or telecasting of baseball games in or into Minor League territory. It seems to me that it applies plainly only to the physical occupation of Minor League territory.

There are a great many indications of that in the rule. A statement that no Minor League territory shall be "included" in any Major League is utterly inappropriate for conveying the idea of broadcasting or telecasting baseball games in or into Minor League territory.

By no stretch of the imagination would Minor League territory be "included" in a Major League if all that was happening was that the Major League games were being broadcast from a station located in the territory of the Minor League club, and again the description of a Major League desiring to "occupy" Minor League territory is inappropriate for conveying the idea of broadcasting or televising baseball games in or into Minor League territory. The word "acquiring" Minor League territory, which was used in the 1954 amendment, is a clear indication that in that year, at least, the parties did not have in mind broadcasting or telecasting in or into that territory.

When the rule describes what the plaintiff would say is a mere application by a Major League for arbitration as to the amount to be paid for broadcasting from a station in the territory of a Minor League club, the rule speaks of the Major League desiring to occupy the Minor League territory, and it is the Major League, not the Major League club, that makes the application for arbitration.

More important still I think is the fact to which I called Mr. Emmerglick's attention, that the rule contemplates complete occupation of the Minor League club's territory.

That last paragraph of Rule 1(a) provides that when the award has been com-

pleted and complied with, the Minor League territory shall be considered Major League territory and be protected as provided in paragraph (b).

(b) provides, in substance that Major League territory cannot be invaded by a Minor League, so that the old Minor League club would not be able to play at all.

This indicates clearly that Rule 1(a) contemplates the complete occupation by a Major League club of a Minor League club's territory and not merely such a partial interference as might be involved in broadcasting in or into the Minor League club's territory.

That is my own finding with respect to the interpretation of Rule 1(a), that it is not ambiguous, and that there is no room for interpretation by the acts of the parties, but I thought best to take the evidence with respect to the acts of the parties which are supposed to have constituted a construction of the rule in favor of prohibition against Major League broadcasting from a station located in a Minor League club's territory, but none of that evidence which has been introduced it seems to me comes within what is necessary to constitute an interpretation by the acts of the parties.

All of the evidence constitutes talks, writings, agreements and letters. No act of the party construing the rule so as to prohibit broadcasting by a Major League from a station in a Minor League's territory was shown.

Another defect which exists in the proof, so far as constituting interpretation by acts of the parties is concerned, is that I could not note a single instance where there was action or even acquiescence by the people on the Major League side to any demand made upon the part of somebody on the Minor League side.

Then there is a further defect, if Mr. Hughes is right with regard to the rule, with respect to the practical interpretation by acts of the parties, that there certainly was never even unanimous communication and acquiescence of all of the parties who would be concerned in the interpretation of the contract.

The long and short of it is that the advent of radio and television broadcasting was something that was not contemplated by the agreements and the rules. Everybody in the room seems to have agreed that extremely serious problems have been created by the advent of radio and television broadcasting—problems that require a pretty prompt solution if serious damage is not going to be done, but I do not think that the problems can be solved by an interpretation of the existing agreements of those concerned in baseball.

So that the motion to dismiss at the end of the plaintiff's case is granted.